Pennington, J.
The case below appears to be this. One Michael Lawrence gave a note of hand to the defendant below, Righter, who is plaintiff in certiorari, dated the 30th March, 1808; Righter indorsed the note to Van Riper, the plaintiff below, at what time it does not appear ; but it appeared that Van Riper commenced an action against Lawrence on this note, as indorsed, and obtained judgment on the 6th July, 1808, on which judgment, execution was issued, but no satisfaction entered; nor was any pretended. Van Riper not obtaining his money of Lawrence, resorts to Righter, as indorser. Righter set up this judgment as a bar, but the justice overruled it, and rightly. The indorsee of a promissory note, may pursue both the maker and indorser, until he receives satisfaction from one or the other. The defendant below, Righter, then set up as another ground of defense, that he himself had commenced an action against *288 Van Riper, the plaintiff below, before a justice of the peace, on the 9th May, 1809, and recovered judgment against him; that if Van Riper had a right of action against him, arising on the note, it must have existed at the time, and ought to have been [526] set off in that action, and was now barred, and offered to prove by witnesses, that Van Riper acknowledged that at the time of the pending of that action, he had the note in his possession. [*] The justice admitted the transcript of the proceeding and judgment in that action, and the witnesses to prove the acknowledgment of Van Riper, that he had the note at the time, but refused to non-suit the plaintiff on the ground, that whether there was an acknowledgment or not, was a fact for the jury to determine, and so far as the acknowledgment of Van Riper was material, the justice was correct. It appears to me, notwithstanding, a recovery has been had against Righter, the defendant below, contrary to law; the note is dated 30th March, 1808,' payable in sixty days áfter date, payment ought to have been demanded of Lawrence about the first of June, and as the suit was commenced against him on the 21st June, the indorsement, and demand on Lawrence, must have been before that time; on Lawrence’s refusing to pay, the right of action accrued to Van Riper against Righter, if it ever did accrue at all. It must, therefore, ■ have been a subsisting demand against Righter in May, 1809, at which time Righter commenced a suit against Van Riper, before a justice, and proceeded to judgment; Van Riper ought then to have set off this note in that action if he had a right; he did actually plead a set-off in that action to about the same amount; but afterwards abandoned the defense he had set up; but whether he did or not, he is barred by the sixteenth and seventeenth sections of the justice’s act, from maintaining any action for the same.
It appears to me, therefore, from the record sent up, in which the whole case is fully disclosed, that Van Riper has *289 obtained a judgment against Righter, against law; and that it ought therefore to be reversed.
The other judges being of the same opinion,
Judgment reversed.